Good morning. May it please the court. My name is Bates Butler and I represent the appellant Wynona Mixon. This is a Hyde Amendment case. Before I go further, I'd like to reserve about two minutes if I can. Please watch the clock. This is a Hyde Amendment case that was filed after Ms. Mixon was found not guilty on all eight counts.  Here it's clear the district court judge abused her discretion in denying Ms. Mixon's Hyde claim because her ruling is without support or inferences that may be drawn from the facts in the record. The order draws neither support nor inferences from the record as the order makes no reference to the trial record. Therefore, the Hickson case informs that this court can be said to have a definite and firm conviction that the trial court abused its discretion. So in your briefing to us, you conceded that there wasn't any prosecutorial misconduct. That's correct. Isn't that correct? That's correct. And so our cases say that the Hyde Amendment was enacted as a method through which to sanction the government for prosecutorial misconduct. So my question is, are you asking us for an expansion of the law to say that the position of the government for purposes of the Hyde Amendment would include things that government investigators had done prior to the prosecution? If it leads up to the prosecution, I am, Your Honor. Because the Hyde Amendment language talks about the position of the United States being vexatious or frivolous or in bad faith, it does not – the language of the amendment does not limit it strictly to prosecutorial misconduct. So normally when we talk about the position of the United States, and I think Black's Dictionary says the same thing, we're talking about the legal position of the United States at trial as opposed to events or conduct that may have occurred before trial. What's the best support for your position here? Well, there is no direct citation that says that the Hyde Amendment is strictly limited to prosecutorial misconduct. And we're relying on the language of the statute itself, which talks about the United States. And the United States is clearly larger and more expansive than prosecutors. When you say leads up to the prosecution or even now just using prosecutorial misconduct, are you speaking about the actions of the assistant United States attorneys prosecuting the case or leading up to the event known as the prosecution? Leading up to the event that's known as the prosecution. We're not talking about the acts of the assistant U.S. attorneys. In this case, sure. And that's the place where I believe we're both trying to drill down. How low is it that you believe it can go, I mean, to sustain a Hyde Amendment claim? Right now it appears that you believe not just prosecutors, but agents would be subject. Am I right? That's correct. Is there a limit, a floor? I would think that there is a floor. And what it is, it's clearly somewhere below the agents that led. I mean, these agents here that we're complaining about, their actions helped frame the indictment. I mean, the agent Mendez from the BOP had been investigating Ms. Mixon with the purpose of trying to get rid of her in the BOP beginning in 2006. But the only thing I saw about Mendez was that he worked on the 2006 investigation. And was there any evidence as to his intent to harass, I think you're arguing, vexatious under the Hyde Amendment, other than the fact that he was involved in the investigation? Well, he was involved in more than the multiple investigations between 2006 and actually 2014. She got raped in August of 2011. And five days later, Mendez instituted an OIG investigation that he participated in where he claimed that it was Goins, the rapist, who was the victim and not Ms. Mixon. That same day, he instituted a second OIG investigation of Ms. Mixon that did not get declined by an assistant U.S. attorney in Tucson. So he was an investigator and he did multiple investigations. But for even assuming that the Hyde Act goes that, or the Hyde Amendment goes that far, you have to show intent to harass without sufficient foundation. Correct. So what you're telling us is he was involved in various investigations, but what evidence suggests that this is vexatious? Because all of those investigations ultimately resulted in no prosecution of Ms. Mixon except for this one. And he was clearly, we think, based on, if you'll look at the reply memo that we filed in it, at our appellant's excerpts of record, pages 66 to 76, it lays out in more detail than I could ever do here today all of the actions of Mendez that were designed really just to force her out of the job. And they had a contentious relationship as a result of all these investigations. And, I mean, she ended up filing a complaint against him and he was after her. And what happened to that complaint? Against him? Mr. Mendez.  Nothing. It got shelved. Okay, so in fact it was just like the claims against her. It wasn't, they didn't go forward with it. Right. It never left the Bureau of Prisons. So I understand that, I think you mentioned in your briefing that Mendez was ultimately indicted for lying to investigators about stolen government property and perjury during an EEOC hearing. Was he convicted? He pled guilty to perjury. And the other one? The other agent was DeSouza. So apparently there were two different prosecutions. Is that incorrect? I'm sorry, of Mendez? Uh-huh. I'm only familiar with the one. Okay. It had multiple counts. But I think he, I know he pled to perjury. I don't remember a second investigation. All right. A second prosecution of Mendez. Counsel, could I interject? It's Judge Gould, if I could interject just one quick question for you. Do you have any case that says the fact that the prosecution didn't bring the prosecutions means that the investigation was vexatious? No. And I ask that because normally we consider prosecutors to have prosecutorial discretion, and they can decline to prosecute someone even when they have plenty of cause to do it if they want. I agree with that. And I don't have any cases that say what you just proposed, nor are there any cases that say that the Hyde Amendment does not reach down to agents whose actions help frame the very prosecution that we claim not only showed an intent on the part of the United States to harass, but that the case had no merit. I mean, if the case had merit, one would assume that the trial judge in her order would have referenced the trial record. All she did was say that there were, she said seven witnesses listed, set the names of seven. Can I interrupt you just to avoid you losing time? If you could briefly distinguish what appears to be maybe workplace harassment with what you believe rises to the level of vexatious conduct on behalf of the agents. The agents, besides Mendez, there was this FBI agent DeSouza. He and several other agents got together with their supervisor and planned to use the FBI's rape victim interview, we think in a vexatious way. They brought her in believing, her believing, Ms. Mixon believed that she was the victim. She was being treated as the victim, whereas DeSouza well knew, and I assume the other agents did too, that there was this parallel investigation going on by the OIG of Ms. Mixon and her as the victim. DeSouza had worked with the OIG agents in conducting interviews of inmates in  He, DeSouza, gave all of his reports to the OIG to help further their investigation of her as the perpetrator of the crime, whereas he's claiming to her and letting her believe that in fact she's the victim. So they bring her into this interview where she thinks she's being treated as the victim. And without having any kind of notice that she was being looked at as the perpetrator. And we think that, I mean, before when she had been investigated, she had been interviewed by the Bureau of Prisons. She had always been advised that she was being looked at as a possible perpetrator. And I'm, that's, I'm out of time. Yes. We'll give you a minute for rebuttal. Thank you, Your Honor. Good morning, Your Honors. And may it please the court, Bradley Silverman for the United States. Good morning, Mr. Silverman. Can you conceive of any scenario in which grievous misconduct of an agent would have led to the level of fixation enough to sustain a Hyde Amendment claim without prosecutorial involvement, Your Honor? Without? No, Your Honor. And the reason, but as you heard Mr. Butler describe, it would have led to the prosecution of the plaintiff in the Hyde Amendment claim. Your Honor, in this case, the United States did not rely on the agent's investigative behavior. The United States put on the testimony of the underlying witnesses who the agent spoke to. The jury was never asked to evaluate the agent's characterizations of the witnesses' statements. The jury heard directly from the witnesses. But it's telling, isn't it, that de Sousa nor Mendez testified, possibly because there was giglio or something like that, that would have had to have been revealed? That is correct, Your Honor. The agents did not testify in this case, but that is just not material to the Hyde Amendment standard, which looks to the government's litigating position. Now, as it stands, there are other vehicles that a person who feels aggrieved by government agents can use to obtain some sort of redress. There's a Bivens action, there's a federal tort claims action, and potentially a Hyde Amendment claim just isn't the right vehicle for a claim directed solely at agent misconduct. As this Court has recognized, the Hyde Amendment is targeted toward prosecutorial misconduct. And in the only case that really addresses this issue, the Eighth Circuit in United States v. Monson held that even where there is agent misconduct, unless the prosecutors themselves participate in that wrongdoing, a Hyde Amendment claim won't lie. There, the agents obtained a search warrant using an affidavit that contained Frank's errors, and the District Court ended up dismissing the indictment. The defendant moved for Hyde Amendment fees, and the Eighth Circuit held that even though there had been a Frank's violation, in order to determine whether Hyde Amendment liability would lie, you would need to look beyond just the actions of the agents and toward the prosecutors and whether they had participated in that wrongful behavior. Counsel, Judge Gould, if I could ask you a question. Could Mixon still at this point amend her complaint to assert, instead of the Hyde Act Amendment claim, to assert a Bivens claim, as you said, might be possible? Your Honor, I don't know if the statute of limitations. Or a civil rights claim. Your Honor, I'm not sure if the statute of limitations on a Bivens action would have run at this point. Certainly she could have filed that at the time. I'm not sure she could file that in this case because this is a criminal docket and a Hyde Amendment motion arises out of a criminal case. She might need to, she would need to file a separate action. A separate lawsuit. That is correct, Your Honor. Thank you. Now, in this case, Your Honor, Ms. Mixon concedes that the assistant U.S. attorneys involved in this prosecution did nothing wrong. In her words, appellants brief 18 and 20, they were nothing less than honorable. That concession is fatal to her Hyde Amendment argument because the objective and the subjective showings. And if there are no further questions, Your Honor. No questions. Thank you, Your Honor. Okay. You have a minute. Thank you, Your Honor. Very briefly, one more point, a couple more points on whether or not DeSouza did anything that was vexatious. He wrote inaccurate and misleading reports that discredited Mixon. For instance, he wrote reports claiming she refused to give a statement when she had. He wrote that Brokaw, an inmate who had, was in a secure area, had cleaned the bathroom after the incident as ordered by Mixon. But DeSouza never even asked Brokaw whether or not that happened. What he did, DeSouza wrote in his report what Goins told him. And accredited those words to Brokaw. But the, back on the whole issue of the language, if in fact the Hyde Amendment was designed to only look at prosecutorial misconduct, one would have assumed that that language would be in there rather than the United States. Because the language of the Hyde Amendment says the United States, I believe it clearly applies to more than AUSAs. Thank you. The case of United States v. Winona Mixon is submitted.
judges: Gould, Ikuta, Pearson